## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MEYERS DIVISION

DR. JOSEPH MERCOLA,            )
                              )
   Plaintiff,                   )
                              )            Civil Action No.
     v.                      )
                              )            **COMPLAINT & JURY DEMAND**
THE NEW YORK TIMES COMPANY,    )
                              )
   Defendant.                   )
                              )
                              )
                              )
                              )
                              )

Plaintiff, Doctor Joseph Mercola ("Dr. Mercola" or "Plaintiff"), is a renowned physician and business owner residing and maintaining offices in this District. Defendant, The New York Times Company (the "NYT"), is a multimedia company, most known for its eponymous newspaper, *The New York Times*. Plaintiff brings this action against Defendant based upon malicious defamatory statements that it published about Dr. Mercola's character and the credibility of his business and work. In support thereof, Plaintiff respectfully represents as follows:

## PARTIES

1.    Dr. Mercola is a board-certified family medicine osteopathic physician, philanthropist, and (coincidentally) a *New York Times* best-selling author.

2.    Dr. Mercola is also the founder of Mercola.com (www.mercola.com), an internet website focused on a "whole-person" approach to wellness.

3.    *The New York Times* is the second-most circulated newspaper in the United States, has operated since 1851, and has won approximately 132 Pulitzer Prizes.

4.    On July 24, 2021, the NYT published an online article by Sheera Frenkel, whom the NYT identifies as "a prize-winning technology reporter based in San Francisco."[1] Ms. Frenkel's article is titled "The Most Influential Spreader of Coronavirus Misinformation Online" (the "Article").[2] A version the of Article was printed in Section A, Page 1 of the July 25, 2021, New York print edition of *The New York Times*, under the headline "Disinformation Is Big Business for One Doctor."[3]

5.    Dr. Mercola is the subject of the Article.[4]

## JURISDICTION & VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states and the amounts in controversy exceed $75,000.00.

---

[1] *Sheera Frenkel*, NYT, https://www.nytimes.com/by/sheera-frenkel (last visited July 21, 2023).

[2] Sheera Frenkel, *The Most Influential Spreader of Coronavirus Misinformation Online*, NYT (July 24, 2021), https://www.nytimes.com/2021/07/24/technology/joseph-mercola-coronavirus-misinformation-online.html [archived at https://web.archive.org/web/20210724140301/https://www.nytimes.com/2021/07/24/technology/joseph-mercola-coronavirus-misinformation-online.html] (original online version attached as **Exhibit A**).

[3] Sheera Frenkel, *The Most Influential Spreader of Coronavirus Misinformation Online*, NYT, July 25, 2021, at Section A, Page 1 (print version).

[4] Frenkel, *supra* note 2.

7.     This Court has personal jurisdiction over Defendant because the NYT transacts substantial business in this District; has substantial aggregate contacts with this District; engaged in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons, specifically the Plaintiff in this District; and purposefully availed itself of the laws of the State of Florida in this District, and because the acts giving rise to jurisdiction occurred in this District. Upon information and belief, the NYT is accessible in both print and digital forms in this District.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and acts giving rise to Plaintiff's claims herein occurred in this District.

## **PARTIES**

9.     Plaintiff Dr. Mercola is a citizen of the State of Florida who resides in Ormand Beach, Florida. Plaintiff operates and maintains his business address at 125 SW 3rd Place, Suite 205, Cape Coral, FL 33991 in Lee County, Florida.

10.     Defendant the NYT is a worldwide media company with headquarters located at 620 Eighth Avenue, New York, New York 10018.  The NYT has more than nine million subscribers worldwide.[5]

---

[5] *The New York Times Company Reports First-Quarter 2023 Results*, NYT, at 7 (May 10, 2023), https://nytco-assets.nytimes.com/2023/05/NYT-Earnings-Press-Release-Q1-2023-Final.pdf.

4855-0949-2081, v. 1

## FACTS COMMON TO ALL COUNTS

11.    Both the print and the online versions of *The New York Times* are accessible in Florida, where Dr. Mercola saw the Article and the comments discussed herein.

### A. DEFAMATORY STATEMENT ONE

12.    The Article opens by falsely stating that Dr. Mercola made "easily disprovable" statements about COVID-19 vaccines:

> [Dr. Mercola's article] said the injections did not prevent infections, provide immunity or stop transmission of the disease.
>
> Instead, the article claimed, the shots "alter your genetic coding, turning you into a viral protein factory that has no off-switch."
>
> Its assertions were easily disprovable.

*See* **Exhibit A.**

13.    The NYT's false statement that Dr. Mercola's statements are "easily disprovable" is referred to herein as "Statement One" and is one of the two defamatory Statements that form the basis of Plaintiff's claims herein.

14.    Upon information and belief, the NYT knew that Dr. Mercola's statements were not "easily disprovable" and published Statement One with actual malice.

15.    In July 2021, "breakthrough" infections in persons vaccinated against coronavirus were already well known, and the scientific community was beginning to recognize the truth of the observations by Dr. Mercola and others that the newly

4

developed vaccines, regardless of their effect on the severity of COVID-19 infections, would not prevent infections, provide immunity, or stop transmission of coronavirus.

16.    Plaintiff's assertions as to infection, immunity, and transmission, therefore, were thus not "easily disprovable" but made in accord with emerging science.

17.    Plaintiff's article was speaking of newly developed mRNA, or "messenger" RNA, anti-COVID-19 vaccines.

18.    RNA (ribonucleic acid) in nature acts as a messenger with instructions from DNA for control of protein synthesis.

19.    mRNA vaccines function by introducing synthetic genetic sequences that encode a form of the SARS-CoV-2 spike protein into a recipient's DNA.

20.    mRNA vaccines in turn cause an alteration of the recipient's genetic coding in order to initiate a directive for the body's production of the coronavirus protein.

21.    Upon introduction to the human body, this mechanism of action cannot be stopped through external means and will continue until cells complete production of the coronavirus protein and break down the mRNA.

22.    Dr. Mercola's statement that the newly developed mRNA anti-COVID-19 vaccines "alter your genetic coding, turning you into a viral protein factory that has no off-switch" was, therefore, not "easily disprovable" but rather an accurate depiction of the biological process by which mRNA vaccines initiate and execute directives in the human body.

23.     The NYT subsequently "updated" the Article to correct other falsehoods initially contained in the Article yet refused to change defamatory Statement One.

24.     Upon information and belief, the NYT published the false and defamatory Statement One about Dr. Mercola, and failed and refused to correct Statement One, with reckless disregard for the truth.

25.     Upon information and belief, and as further evidenced by the remaining contents of the Article (*see infra*), the NYT made Statement One with reckless disregard for the truth and with actual malice, *i.e.*, and with intent to defame Dr. Mercola and call into question his professional reputation.

26.     As a result of the NYT's false statement that Dr. Mercola made "easily disprovable" statements about the newly developed mRNA anti-COVID-19 vaccines, Dr. Mercola and his business suffered reputational harm and was subjected to public hate, distrust, ridicule, contempt, and disgrace.

**B. DEFAMATORY STATEMENT TWO**

27.     Prior to publication of the Article, the NYT sought comment from Dr. Mercola. Dr. Mercola responded to the request for comment, in part, with the following response:

> "I am the lead author of a peer reviewed publication regarding vitamin D and the risk of COVID-19 and I have every right to inform the public by sharing my medical research. https://pubmed.ncbi.nlm.nih.gov/33142828/."

*See* **Exhibit B.**

28.     By doing so, Plaintiff advised and provided the NYT with a link to his peer-reviewed publication regarding vitamin D and the risk of COVID-19, authored by him and published in a leading journal.

29.     On July 22, 2021, Ms. Frenkel, the author of the Article and on behalf of the NYT, acknowledged receipt of Plaintiff's link to his cited peer-reviewed journal publication and advisement.

30.     Despite the NYT having been provided with a direct link to the peer-reviewed publication along with Dr. Mercola's comment, the Article falsely stated:

> He did not address whether his coronavirus claims were factual. "I am the lead author of a peer reviewed publication regarding vitamin D and the risk of Covid-19 and I have every right to inform the public by sharing my medical research," he said. He did not identify the publication, and The Times was unable to verify his claim.

**Exhibit A.**

31.     The above statement was false as published by the NYT since the NYT was not, and could not have been, "unable to verify" Dr. Mercola's claim of authorship of the peer-reviewed publication.

32.     The NYT received a direct link to the peer-reviewed publication, which identifies Dr. Mercola as lead author and at all times the NYT was able to in fact verify the Plaintiff's claim, yet elected not to do so.

33.     The NYT's false statement that it was "unable to verify" Dr. Mercola's lead authorship of a peer-reviewed study on vitamin D and the risk of COVID-19 is

referred to herein as defamatory "Statement Two" and is one of the two defamatory for which the Defendant is liable to the Plaintiff herein.

34.    Upon information and belief, and as further evidenced by the remaining contents of the Article (*see infra*), the NYT made Statement Two with reckless disregard for the truth and with actual malice, *i.e.*, an intent to harm Dr. Mercola by implying that he lies about his research and its publication.

35.    On July 26, 2021, immediately following publication of the Article, a representative of Dr. Mercola emailed Ms. Frenkel to point out objective inaccuracies in the Article, including the Article's claim that Dr. Mercola was fined by the Food and Drug Administration ("FDA") and that his lead authorship of a study on vitamin D and COVID-19 could not be verified by the NYT.

36.    The email provided a link to a tweet from Daniel Engber, a Senior Editor at *The Atlantic*, which pointed out that the NYT's claim about Dr. Mercola's study was patently false and "truly bizarre." This tweet included a direct link to the peer-reviewed study authored by Dr. Mercola, just as Dr. Mercola had provided a direct link before the Article was published.[6]

---

[6] Joseph Mercola, et al., *Evidence Regarding Vitamin D and Risk of COVID-19 and Its Severity*, 12(11) Nutrients 3361 (Oct. 2020), DOI: 10.3390/nu12113361.



**Daniel Engber**
@danengber

Follow

A truly bizarre moment in the NYT piece on Joseph Mercola... you can literally verify the existence of this peer-reviewed publication in one second via googling

pubmed.ncbi.nlm.nih.gov/33142828/

nyti.ms/3rv5mWt

> He did not address whether his coronavirus claims were factual. "I am the lead author of a peer reviewed publication regarding vitamin D and the risk of Covid-19 and I have every right to inform the public by sharing my medical research," he said. He did not identify the publication, and The Times was unable to verify his claim.

37.    On or about July 26, 2021, the same day Dr. Mercola's representative emailed Ms. Frenkel, the NYT issued a correction of its false statement that Dr. Mercola was fined by the FDA but did **not** issue a correction of its false statement

9

about being "unable to verify" Dr. Mercola's lead authorship of a peer-reviewed study on vitamin D and the risk of COVID-19.[7]

> *A correction was made on July 26, 2021: An earlier version of this article referred incorrectly to the outcome of regulatory actions against Dr. Joseph Mercola. Dr. Mercola paid millions of dollars in refunds to customers as a result of a settlement with the Federal Trade Commission; he was not fined millions of dollars by the Food and Drug Administration.*

38.     At or around this time, the NYT also began a series of other "updates" to the defamatory Article, without issuing formal corrections.

39.     One such "update" to the Article included reference to the journal in which Dr. Mercola's peer-reviewed study was published.

40.     Nevertheless, the NYT chose not to revise language meant to cast doubt on the credibility of Dr. Mercola's health research; instead, without acknowledging the falsehood that the NYT had been "unable to verify" Dr. Mercola's authorship of the article, the NYT used the same language to allege that it was "unable to verify the claims in the study."[8]

---

[7] The correction still appears in the current version of the article. *See* Sheera Frenkel, *The Most Influential Spreader of Coronavirus Misinformation Online*, NYT (July 24, 2021), https://www.nytimes.com/2021/07/24/technology/joseph-mercola-coronavirus-misinformation-online.html.

[8] Sheera Frenkel, *The Most Influential Spreader of Coronavirus Misinformation Online*, NYT (July 24, 2021), https://www.nytimes.com/2021/07/24/technology/joseph-mercola-coronavirus-misinformation-online.html [archived at

4855-0949-2081, v. 1

He did not address whether his coronavirus claims were factual. "I am the lead author of a peer reviewed publication regarding vitamin D and the risk of Covid-19 and I have every right to inform the public by sharing my medical research," he said. The Times was unable to verify the claims in the study, which was published by Nutrients, a monthly journal from Molecular Diversity Preservation International, a nonprofit in Basel, Switzerland.

41. Upon information and belief, the NYT published the false and defamatory Statement Two about Dr. Mercola, and failed and refused to issue a correction of the inaccuracy, with reckless disregard for the truth of its statements.

42. Upon information and belief, the NYT published the false and defamatory Statement Two about Dr. Mercola, and failed and refused to publish a correction of the inaccuracy, out of malice and with intent to defame Dr. Mercola and call into question his professional reputation.

43. As a result of the NYT's false statement that it was "unable to verify" Dr. Mercola's lead authorship of a peer-reviewed study on vitamin D and the risk of COVID-19, Dr. Mercola suffered reputational harm and was subjected to public hate, distrust, ridicule, contempt, and disgrace.

44. Defendant NYT published Statement One and Statement Two with reckless disregard for the truth or falsity of Statement One and Statement Two.

---

https://web.archive.org/web/20210727030552/https://www.nytimes.com/2021/07/24/technology/joseph-mercola-coronavirus-misinformation-online.html] (July 26, 2021 online version attached as **Exhibit C**).

45.    The remainder of the Article's content suggests that the NYT also acted with malice in publishing Statement One and Statement Two, and did so with the intent of subjecting Dr. Mercola to public contempt, to the detriment of his professional reputation.

46.    The Article further cites to a "Report"[9] disseminated on March 24, 2021 by the "Center for Countering Digital Hate ("CCDH")[10] and "AntiVaxWatch.org," which upon information and belief is affiliated with a for-profit media agency in Washington, D.C.

47.    The Report was riddled with inaccuracies and methodology flaws, was not peer reviewed, was not a scholarly work or scientific study, and was published on CCDH's website, not a journal.

48.    The Report's primary claim—*i.e.*, that there "are twelve anti-vaxxers who play leading roles in spreading digital misinformation about Covid vaccines"[11]—was

---

[9]  *The Disinformation Dozen*, CCDH (Mar. 24, 2021), https://counterhate.com/wp-content/uploads/2022/05/210324-The-Disinformation-Dozen.pdf.

[10] CCDH is not a party to this action, but its activities are related to the underlying facts of this case.

[11] CCDH, *supra* note 10 at 5.

debunked by Meta, the parent company of Facebook, which criticized the Report for being based on a "faulty narrative"[12] about online data.[13]

49.    Without substantive investigation by the NYT, the Article used CCDH's Report without qualification as a basis to frame Dr. Mercola as "the chief spreader of coronavirus misinformation online,"[14] even though the flawed Report purported to address vaccination content, not "coronavirus misinformation online" generally.

50.    The subtitle of the Article—"Researchers and regulators say Joseph Mercola, an osteopathic physician, creates and profits from misleading claims about Covid-19 vaccines."—deceptively suggests to readers that the Report constitutes "research" conducted by "researchers," which the NYT knew or should have known was false and misleading.

51.    The Article maliciously asserts that Dr. Mercola's overall business model is a scam and is based on "far-fetched health claims," as opposed to research, education, and investigation, suggesting that Dr. Mercola purposefully disseminates false medical information to the public in an attempt to drive sales of his products, and for financial gain.

---

[12] Monika Bickert, *How We're Taking Action Against Vaccine Misinformation Superspreaders*, Meta (Aug. 18, 2021), https://about.fb.com/news/2021/08/taking-action-against-vaccine-misinformation-superspreaders/.

[13] Although the Report claimed to identify Dr. Mercola among "twelve anti-vaxxers who play leading roles in spreading digital misinformation about Covid vaccines," *see supra*, Dr. Mercola's website, Mercola.com, had published only four articles addressing COVID-19 vaccines in any manner before the Report's publication.

[14] Frenkel, *supra* note 2.

52.     The use of the unsupportable Report and the mischaracterization of Dr. Mercola's wellness information and business model evince actual malice from the NYT in the publication of Statement One and Statement Two.

53.     Upon information and belief, the NYT acted with reckless disregard for truth and with malice, and neither Statement One nor Statement Two is fair comment.

54.     Neither Statement One nor Statement two is neutral; as *inter alia*, when the NYT was presented, before publication, with specific information verifying the existence of Dr. Mercola's peer-reviewed work on COVID-19 and vitamin D and his authorship of same, the NYT willfully ignored that information in favor of publication of the defamatory statements and later refused to issue a correction regarding the objectively false information.

55.     The remaining contents of the Article, which seek to discredit Dr. Mercola based on a groundless Report and impugn Dr. Mercola's wellness information and business, evince the malice with which the NYT acted in publishing the false Statements.

56.     The NYT had the resources to investigate Dr. Mercola's positions, advice, and writings but chose not to investigate further when publishing the Statements.

57.     Plaintiff is a medical doctor and in addition operates a wellness business with the internet website www.mercola.com.

58.     As part of that business, and as a board-certified osteopathic physician, Dr. Mercola has both a professional responsibility and a genuine personal commitment to providing accurate health-related commentary to the public.

59.     Statement One and Statement Two have harmed Dr. Mercola's credibility as a medical professional and as a business owner.

60.     The Statements Made About Dr. Mercola in the Article Harmed Dr. Mercola's Reputation and subjected him to hatred, distrust, ridicule, contempt, and disgrace.

61.     The publication of the Statement One and Statement Two has caused harm to Dr. Mercola.

62.     By way of example, as of the date of this Complaint, the online version of the Article has 902 comments from readers, many which are negative in nature, as shown by these limited examples that demonstrate the impression intentionally created by the NYT:



**Rob D**
Philly  |  July 25, 2021

Hmmm. Let's see here we have a serial killer on the loose, responsible for tens of thousands of deaths. What does it actually take for Republicans, many of whom are dying of COVID, to exercise the blue lives and capital punishment they love? How many people does a white man actually have to kill to be prosecuted and sentenced to the ultimate punishment?

16 Recommend   Share                                    Flag



**Scott R**
Charlotte  |  July 25, 2021

This fool should be in prison.

31 Recommend   Share                                    Flag



**SMB**
Savannah  |  July 26, 2021

Why does this snake oil salesman still have a medical license?  'Do no harm' has certainly been violated.
Shame on Facebook and the other social media involved.

33 Recommend   Share                                    Flag

16



**Deb**
Denver  |  July 26, 2021

Oh, another 'Florida Man.'  Lots of quacks down there in the swamp.

89 Recommend   Share                                              Flag



**Pat Ros**
Chicago, IL  |  July 26, 2021

Why is such a creature allowed to post falsehoods that cause harm is beyond me.  We have finally thrown the baby out with the bathwater.

53 Recommend   Share                                              Flag



**Win7ermute**
Canada  |  July 26, 2021

Take his license.

206 Recommend   Share                                             Flag



**Don**
New Mexico  |  July 26, 2021

The enduring questions is: How could a person do this and live with themselves?

309 Recommend   Share                                             Flag

17

63.    By publishing Statement One and Statement Two, the NYT has caused irreparable harm to Dr. Mercola's reputation and business.

## CAUSES OF ACTION

### COUNT I
*Defamation/Libel*

64.    Plaintiff repeats and realleges each and every paragraph of the foregoing Complaint as if fully set forth at length herein.

65.    The NYT published Statement One and Statement Two in its globally circulated newspaper, both online and in the print edition.

66.    Statement One says that Dr. Mercola's assertions about COVID-19 vaccines are "easily disprovable."

67.    Statement Two says that Dr. Mercola's authorship of a peer-reviewed study cannot be verified.

68.    The NYT acted intentionally and with malice, having knowledge of the falsity of Statement One and Statement Two and/or recklessly disregarded the truth or falsity of the Statements; any investigation into Dr. Mercola's work would have shown that they were not "easily disprovable," and the NYT had acknowledged receipt of information that contradicted the reporting in the Article.

69.    The NYT maliciously based the Article on the Report, which the NYT knew or should have known had rampant methodological flaws and inaccuracies, was not "research" conducted by "researchers," and upon information and belief was

18

published only to serve the private interests of CCDH. Nevertheless, the NYT repeated the accusations of the Report without question or qualification whatsoever.

70.    Statement One and Statement Two are not privileged because they were published with malice.

71.    Statement One and Statement Two are defamatory for offering the public the impression that Dr. Mercola is unreliable and makes false statements, as evidenced, *inter alia*, by comments posted below the online version of the Article.

72.    As a direct and proximate result of the NYT's intentional publication and dissemination of Statement One and Statement Two, Dr. Mercola has suffered, is suffering, and will continue to suffer permanent and irreparable injury, harm, and damage to his personal and professional reputation, as well as to his business.

73.    As a direct and proximate result of the NYT's unlawful conduct, Dr. Mercola has suffered, is suffering, and will continue to suffer severe and irreparable harm and substantial damages in an amount to be proven at trial.

74.    These damages include, without limitation, lost earnings, income, and business opportunities; litigation costs and expenses including attorneys' fees; and other actual damages.

## COUNT II
*Defamation/Libel Per Se*

75.    Plaintiff repeats and realleges each and every paragraph of the foregoing Complaint as if fully set forth at length herein.

76.     The NYT published Statement One and Statement Two in its globally circulated newspaper, both online and in print.

77.     Statement One says that Dr. Mercola's assertions about COVID-19 vaccines are "easily disprovable."

78.     Statement Two says that Dr. Mercola's authorship of a peer-reviewed study cannot be verified.

79.     The NYT acted intentionally and with malice, having knowledge of the falsity of the Statements and/or recklessly disregarding the truth or falsity of the Statements; any investigation into Dr. Mercola's statements would have shown that they were not "easily disprovable," and the NYT had acknowledged receipt of information that contradicted the reporting in the Article.

80.     Further evincing malice, the NYT also based the Article on the Report, which the NYT knew or should have known had methodological flaws and inaccuracies, was not "research" conducted by "researchers," and was published to serve the private interests of CCDH. Nevertheless, the NYT repeated the accusations of the Report without question or qualification.

81.     The Statements are not privileged because they were published with malice. The Statements are defamatory for offering the public the impression that Dr. Mercola is unreliable and makes false statements, as evidenced, *inter alia*, by comments posted below the online version of the Article.

82.     The Statements published by the NYT on July 24, 2021, and thereafter, which remain available to the public even today, have subjected Dr. Mercola to hatred,

disgust, ridicule, aversion, contempt, and disgrace, injuring him in his profession, which constitutes defamation and libel *per se*.

83.    As a direct and proximate result of the NYT's unlawful conduct, Dr. Mercola has suffered, is suffering, and will continue to suffer severe and irreparable harm and substantial damages in an amount to be proven at trial, which will continue unless the NYT is permanently enjoined from engaging in such conduct.

84.    These damages include, without limitation, lost earnings, income, and business opportunities; litigation costs and expenses including attorneys' fees; and other actual damages.

85.    As a result of the NYT's unlawful conduct, the NYT is answerable to Dr. Mercola in actual, compensatory, exemplary, and punitive damages.

## COUNT III
*Defamation / Libel by Implication*

86.    Plaintiff repeats and realleges each and every paragraph of the foregoing Complaint as if fully set forth at length herein.

87.    Statement One says that Dr. Mercola's assertions about COVID-19 vaccines are "easily disprovable."

88.    Statement Two says that Dr. Mercola's authorship of a peer-reviewed study cannot be verified.

89.    By publishing the Statements in the Article, the NYT exposed Dr. Mercola to hatred, ridicule, contempt, and distrust, and injured him in his business, reputation, and occupation.

21

90.    By including the Report in the Article containing the Statements and intentionally omitting information provided to its reporter, the NYT provided readers with the false and/or misleading impression that Dr. Mercola spreads "misinformation" or "disinformation."

91.    Upon information and belief, the NYT intended to publish the Statements both in its print and online editions despite having knowledge that Statements are false.

92.    The NYT's unlawful conduct constitutes defamation/libel by implication under the law of the State of Florida.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A.    Grant judgment in favor of Plaintiff on all counts;

B.    Award Plaintiff actual, compensatory, and punitive damages flowing from Defendant's malicious false statements about the Plaintiff;

C.    Award Dr. Mercola reasonable attorneys' fees, costs, disbursements, and interest as provided by law;

D.    Grant such other and further relief as the Court may deem just and proper;

## DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that Plaintiff demands a trial by jury on all issues so

triable

DATED: July 21, 2023                  Respectfully submitted,

**MEDINA LAW FIRM LLC**

*/s/ Eric S. Medina*
Eric S. Medina
FL Bar No. 72179
1199 South Federal Highway
Suite 421
Boca Raton, FL 33432
Tel: 954-859-2000
emedina@medinafirm.com

&

**RICHMAN LAW & POLICY**

P. Renée Wicklund, Esq.
535 Mission St.
San Francisco, CA 94105
Tel: 914-693-2018
rwicklund@richmanlawpolicy.com

*Counsel for Dr. Joseph Mercola, Pro Hac Vice Pending*

23