UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH MERCOLA,

    Plaintiff,

v.                              Case No.:  2:23-cv-545-SPC-KCD

THE NEW YORK TIMES
COMPANY,

    Defendant.
                                   /

## OPINION AND ORDER

This matter is before the Court on remand from the Eleventh Circuit. Plaintiff's complaint invoked diversity jurisdiction, but insufficiently alleged Defendant The New York Times Company's citizenship. It provides "Defendant the NYT is a worldwide media company with headquarters located at 620 Eighth Avenue, New York, New York 10018. The NYT has more than nine million subscribers worldwide." (Doc. 1 ¶ 10). Because Defendant is a corporation, Plaintiff should have alleged its place of incorporation and principal place of business. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) (citing 28 U.S.C. § 1332(c)(1)). Given this deficiency, the case was remanded to this Court to determine the citizenship of Defendant. (Doc. 68).

The parties have since provided evidence regarding Defendant's citizenship. (Doc. 67). They have submitted a declaration signed by Defendant's Executive Vice President and Chief Legal Officer that states Defendant is incorporated in New York. (Doc. 67-1 ¶ 2). Defendant's Certificate of Incorporation and Form 10-K are also attached to the signed declaration and list New York as Defendant's place of incorporation. (Docs. 67-2, 67-3). The signed declaration also provides that Defendant's principal place of business is in New York. (Doc. 67-1 ¶ 3). It states Defendant's headquarters is in New York, and it directs, controls, and coordinates its activities from that location. (*Id.*). It explains that Defendant's senior executives are in New York and Defendant's corporate policies and procedures are set in New York. (*Id.*). Given this information, the Court is satisfied that Defendant is in fact incorporated in New York and has its principal place of business in New York.

The parties have also stipulated to amending the complaint by interlineation to address the defective jurisdictional allegations. (Doc. 77). Under 18 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Here, the amendment sufficiently addresses Defendant's citizenship by providing that it is a company "incorporated in the State of New York whose headquarters, from which it directs, controls, and coordinates its activities, is located at 620 Eight Avenue, New York, New York 10018." (*Id.*).

Accordingly, it is now

**ORDERED:**

1. The Court finds Defendant is a citizen of New York and that the requirements of diversity jurisdiction are otherwise satisfied.

2. The Court deems paragraph 10 of the complaint amended by interlineation to state: "Defendant NYT is a media company incorporated in the State of New York whose headquarters, from which it directs, controls, and coordinates its activities, is located at 620 Eighth Avenue, New York, New York 10018. The NYT has more than nine million subscribers worldwide."

3. The Clerk is **DIRECTED** to return the record, as supplemented, to the Eleventh Circuit for further proceedings.

**DONE** and **ORDERED** in Fort Myers, Florida on July 15, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record